UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY TIDWELL,

    Plaintiff,

v.                            Case No:  2:19-cv-98-FtM-29UAM

SOUTHERN PETRO HOLDING LLC,

    Defendant.

## **OPINION AND ORDER**

This matter comes before the Court on review of plaintiff's Motion for Entry of Judgment After Default (Doc. #14) filed on April 26, 2019. No response has been filed and the time to respond has expired. For the reasons that follow, the motion is denied.

**I.**

**A. Procedural Background**

On February 15, 2019, plaintiff Timothy Tidwell filed a Complaint against defendant Southern Petro Holding LLC pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq.* (Doc. #1.) On April 8, 2019, after service of process and finding no response to the Complaint, plaintiff moved for the entry of a default against defendant. (Doc. #10.) The motion was granted (Doc. #11), and the Clerk issued an Entry of Default against defendant on April 9, 2019. (Doc. #12.) Plaintiff now

seeks the entry of a default judgment under Federal Rule of Civil Procedure 55. (Doc. #14.)

**B. Factual Allegations**

According to the Complaint, plaintiff, a resident of the State of Florida residing within this judicial district, is disabled as defined by the ADA. (Doc. #1, ¶2.) Plaintiff uses a wheelchair for mobility purposes and is substantially limited in performing one or more major life activities. (Id.) Plaintiff also acts as a "tester" on behalf of individuals with disabilities, visiting public accommodations to determine whether there are illegal barriers to access. (Id. ¶3.) Defendant is the owner, lessee, lessor, and/or operator of a Marathon Gas Station located in Naples, Florida. (Id. ¶6.)

On an unknown day, plaintiff visited defendant's property for personal reasons as well as a "tester," but could not access the facility due to numerous "physical barriers to access, dangerous conditions and ADA violations." (Id. ¶¶4, 14.) In the Complaint, plaintiff provided a non-exhaustive list of the barriers he encountered, which included "doors that are inaccessible," "restrooms that are inaccessible," and numerous other alleged violations whose "remedy is readily achievable." (Id. ¶17.) Plaintiff now requests a judgment against defendant, an order enjoining defendant from discriminating against individuals with disabilities, and an order requiring defendant "to remediate the

2

subject property and remove the barriers to access within three (3) months."  (Doc. #14, p. 6.)

**C. Applicable Law**

When a defendant defaults, it is "deemed to admit the plaintiff's well-pleaded allegations of facts," but not conclusions of law or facts not well-pleaded.  Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1245 (11th Cir. 2015) (citation omitted).  To warrant a default judgment, the facts alleged in the pleadings must provide a sufficient basis for judgment.  Id. (citation omitted).  The sufficiency standard is that "necessary to survive a motion to dismiss for failure to state a claim."  Id.

**II.**

To prove a discrimination claim under the ADA, the plaintiff must establish (1) that the plaintiff is disabled, (2) that the defendant owns, leases, or operates a place of public accommodation, and (3) that the defendant denied the plaintiff, on the basis of the disability, full and equal enjoyment of the premises.  Bell v. FTMC, LLC, 2018 WL 4565745, *1 (M.D. Fla. Sept. 24, 2018).  The Court finds plaintiff has failed to plead any of these elements sufficiently.

As to the first element, plaintiff alleges only that he "uses a wheelchair for mobility purposes." (Doc. #1, ¶2.)  The Court in Bell previously explained why such an allegation alone is insufficient to describe a disability under the ADA:

> Bell alleges only that she "uses a wheelchair for mobility purposes." (Doc. 1 at ¶ 2) A wheelchair accommodates a variety of disabilities, ranging from temporary and mild to permanent and severe. Bell's failure to describe her disability bars any inference that because of Bell's disability FTMC denied Bell "full and equal enjoyment." Duldulao v. La Creperia Café, Inc., Case No. 8:11-cv-1413, 2011 WL 6840585, at *3 (M.D. Fla. Dec. 29, 2011) (dismissing an ADA complaint because the plaintiff's sole allegation of disability was that he "uses a wheelchair for mobility.")

Bell, 2018 WL 4565745, *1.

Plaintiff also fails to sufficiently plead that defendant owns or leases the Marathon Gas Station. Plaintiff's only allegation of ownership is that defendant "is the owner, lessee, lessor and/or operator" of the property. (Doc. #1, ¶6.) However, unsupported, conclusory allegations of ownership fail to state a claim under the ADA. Bell, 2018 WL 4565745, *1 (finding allegation that the defendant "is the owner, lessee, lessor and/or operator" of the property was insufficient to show the defendant owns or lets a public accommodation); Cohan v. Sparkle Two, LLC, 309 F.R.D. 665, 668 (M.D. Fla. 2015) (denying motion for default judgment on ADA complaint because the plaintiff failed to allege facts showing that the "[d]efendant is, in fact, the 'lessee, operator, owner and lessor' of the [p]remises").

Finally, the Court finds that plaintiff has failed to sufficiently allege the barriers to access. Several of plaintiff's allegations, such as that the doors and restrooms are inaccessible,

fail to describe the feature that renders the premises "inaccessible." See Bell, 2018 WL 4565745, *2. As in Bell, plaintiff's allegations about the alleged barriers suffer from pleading deficiencies. For example, plaintiff alleges the restroom mirrors exceed the maximum height above the floor, but fails to allege the mirror's height or other facts showing an ADA violation. See id. at *2 ("Bell characterizes almost every feature of Marcela's as inadequate but fails to describe these features or to allege facts permitting a reasonable inference that these features violate the ADA."). Finally, to the extent plaintiff states the remedy for the alleged violations is "readily achievable," (Doc. #1, ¶17), "judges have concluded that alleging the legal conclusion that a barrier is readily achievable, without more, is insufficient to establish that removal is, in fact, readily achievable," Larkin v. Cantu LLC, 2017 WL 2684422, *5 (M.D. Fla. May 31, 2017); see also Stringham v. Apopka Shopping Ctr., LLP, 2013 WL 6891577, at *1 (M.D. Fla. Dec. 31, 2013) (dismissing ADA complaint in part because plaintiff did not provide factual support for his allegation that removal of barriers would be "readily achievable"); Hoewischer v. Park Shopping, Ltd., 2011 WL 4837259, at *4 (M.D. Fla. Oct. 12, 2011) (denying motion for default judgment in ADA case in part because plaintiff's complaint

failed to plead any facts to support the legal conclusion that removal of barriers was "readily achievable").*

As plaintiff has failed to alleged facts to provide a sufficient basis for judgment, the Motion for Entry of Judgment After Default is denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Entry of Judgment After Default (Doc. #14) is **DENIED without prejudice.**

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of May, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

---

* Plaintiff has submitted an unsworn declaration from his ADA expert in support of his motion for default judgment. (Doc. #14-1.) While the declaration purports to prove the same violations alleged in the Complaint, "the Court may not look to evidence extraneous to the allegations of the complaint in determining liability because a defendant admits only the well-pleaded facts in the complaint when a default is entered against it." Larkin, 2017 WL 2684422, *4 n.6. Even if the Court did consider the declaration, it largely recites the allegations in the Complaint and does not provide an additional basis to show that defendant owns or leases the property, or that defendant discriminated against plaintiff on the basis of a disability. See Bell, 2018 WL 4565745, *2.